WALTER A. EDWARDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10021. Promulgated January 20, 1928.

*Marion P. Wormhoudt, Esq.*, and *Harold C. Anderson, C. P. A.*, for the petitioner.

*L. C. Mitchell, Esq.*, for the respondent.

40

## OPINION.

Love: The petitioner contends that the respondent erred in determining that he realized any gain on January 26, 1920, by reason of the dissolution resolution of that date and he further contends that the gain resulting from the liquidation and dissolution of the Oklahoma Producing & Refining Co. (hereinafter called the old company) must be determined upon the basis of the value of the stock of the Oklahoma Producing & Refining Corporation of America (hereinafter called the new company) on February 14, 1920.

It will be observed that petitioner was advised on January 27, 1920, that " on and after February 14, 1920, the holders of certificates for stock of Oklahoma Producing & Refining Company upon surrender of same  *  *  *  will be entitled to receive for each share of such stock $2.30 in cash—1¼ shares of common stock of Oklahoma Producing & Refining Corporation of America." It will be further observed that "the first day on which the officers of the Oklahoma Producing & Refining Co. permitted the stockholders to exchange their stock for the stock of the Oklahoma Producing & Refining Corporation of America, plus $2.30 cash per share, was on February 14, 1920." In view of these facts, we think that the petitioner did not, during the period from January 26, 1920, to February 14, 1920, have any right to demand the cash and stock of the new company in return for the stock of the old company. It seems clear that the petitioner had no right of action to force delivery before the appointed day therefor, namely, February 14, 1920. Consequently, we conclude that prior to February 14, 1920, the petitioner did not realize any gain.

However, on February 14, 1920, petitioner had an unqualified right to demand delivery of $2.30 in cash and 1¼ shares of stock of the new company in exchange for each share of stock of the old company. We must hold, therefore, that on or about February 14, 1920, petitioner received $2.30 cash and 1¼ shares of stock of the new company for each share of stock of the old company.

The only question that remains, therefore, relates to the value of the stock of the new company on February 14, 1920. The only evidence before us with respect to that question is to the effect that on January 27, 1920, on the New York curb market it sold for $5.50 per share and on February 19, 1920, it sold on the New York Stock Exchange for $5 per share. There were no sales on February 14, 1920, and February 19, 1920, was the first day the stock was again traded in. We think, therefore, that we are justified in holding that the value of the stock of the new company was on February 14, 1920, $5 per share.

As stipulated, the 11,640 shares of stock acquired subsequent to March 1, 1913, cost the petitioner $75,440.98. Upon dissolution of the old company he received therefor $26,772 in cash and 14,550 shares of stock of the new company of the value of $5 per share, the total value of which was $72,750. The total amount of cash and stock received was, therefore, $99,522 and the gain resulting from the transaction was $24,081.02.

The deficiency should be recomputed in accordance with this opinion.

*Judgment will be entered on 15 days' notice, under Rule 50.*